# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 2:16CR00014 |
| v. | **OPINION AND ORDER** |
| **RAY MERRILL STAPLETON,** | By: James P. Jones |
| Defendant. | United States District Judge |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Ray Merrill Stapleton, has filed a Motion to Withdraw Guilty Plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), which the government opposes. After reviewing the record and applicable law, I will deny the defendant's motion.

## I. FACTUAL SUMMARY AND PROCEDURAL HISTORY.

On June 29, 1988, Stapleton pleaded guilty in an Arizona state court to one count of Attempted Child Molestation, pursuant to Ariz. Rev. Stat. §§ 13-1410 and 13-1001. As a result of this conviction, he was required to register as a sex offender pursuant to Ariz. Rev. Stat. § 13-3821(A)(7). Stapleton was sentenced to seven years imprisonment. After being released on work furlough in October 1990, he was paroled on December 26, 1991. He subsequently registered as a sex

offender in Arizona. Stapleton signed and initialed registration documents acknowledging that he understood that he was required to register as a sex offender, that this requirement was a lifetime requirement, and that if he chose to relocate to another state, he was obligated to comply with the registration requirements of that state. Gov't Ex. 3, Hr'g Feb. 28, 2017, ECF No. 35-4.

Sometime around 2011, Stapleton relocated to Virginia. He did not register as a sex offender in Virginia. On September 30, 2016, a Criminal Complaint filed in this court charged Stapleton with failing to register as a sex offender pursuant to 18 U.S.C. § 2250, and he was subsequently arrested on October 3, 2016. On October 17, 2016, he waived his right to prosecution by Indictment and was charged by Information with one count of failure to register under 18 U.S.C. § 2250(a). The Information alleges that Stapleton "[i]n or about September 2016 …knowingly failed to register and update his registration as required by the Sex Offender Registration and Notification Act, after having traveled in interstate commerce." Information ¶ 1, ECF No. 17. He pleaded guilty to the Information that same day.

At some point following his arrest, Stapleton attempted to register as a sex offender in Virginia. On November 3, 2016, the Virginia State Police sent a letter to the Superintendent of the Southwest Regional Jail, asserting that Stapleton was *not* required to register as a sex offender in Virginia. Def.'s Ex. 1, Hr'g Feb. 28,

2017, ECF No. 35-1.  On January 6, 2017, the Virginia State Police sent an identical copy of the letter directly to Stapleton.  Mot. to Withdraw, Ex. 1, ECF No. 29-1.  In light of the contents of this letter, along with discovery material disclosed by the government, Stapleton filed his Motion to Withdraw Guilty Plea on February 21, 2017.  At a hearing on the motion held on February 28, 2017, the government requested and was granted a further thirty days to investigate the legal authority on the issue.  It subsequently filed a written response opposing the motion on March 29, 2017.  With its response, it submitted a copy of a letter to Stapleton from the Virginia State Police dated March 24, 2017, stating that the it had "re-evaluted your registration and determined that your conviction <u>13-1410 Molest a Child</u>  classifies you as a sexual offender.  Therefore, your re-registration date has been changed to annually from the date of your initial registration.  **This letter supersedes any prior letter(s) you may have received regarding registration requirements.**"  Gov't's Resp. Opp'n Mot. to Withdraw, Attach. A, ECF No. 37-1.

II.  Parties' Arguments and Applicable Law.

Stapleton seeks to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B).  The Rule provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes

sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

The Fourth Circuit has set forth six factors a district court should consider in determining whether a defendant has met his burden of showing a "fair and just reason" supporting his motion to withdraw. These factors include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).[1]

Stapleton initially asserted that he was legally innocent of the offense charged in the Information because, pursuant to the November 3 and January 6 letters from the Virginia State Police, he was not actually required to register as a sex offender in Virginia. Def.'s Mot. to Withdraw 3, ECF No. 29. He further asserted that his guilty plea was not knowing and voluntary because at the time he entered it, "he was unaware that he was not required to register as a sex offender in Virginia." *Id.* Following the March 24 letter from the Virginia State Police stating that Stapleton *is* required to register as a sex offender, Stapleton contends that it

---

[1] At the time *Moore* was decided, in 1991, withdrawal of guilty pleas was governed by Federal Rule of Criminal Procedure 32(d). The provision governing withdrawal of guilty pleas was later moved to Rule 11(d).

was nevertheless a "legal impossibility for [him] to register as a sex offender" between November 3, 2016 and March 24, 2017, because during that time, the Virginia State Police "deemed it unnecessary for [him] to register." Def.'s Reply Supp. Mot. to Withdraw 1, ECF No. 40. He asserts that he is "entitled to withdraw his guilty plea based on his legal innocence" and that he should be afforded "the full benefit of the knowledge that he now possesses about the specific law and facts of his case in determining whether to proceed to trial or not." *Id.* at 2.

The government contends that Stapleton was definitively required to register as a sex offender pursuant to Virginia state law. Gov't's Resp. Opp'n Mot. to Withdraw 1, ECF No. 37. It asserts that "[a] letter from the Virginia State Police erroneously interpreting the law is not a basis for a withdrawal of [his] guilty plea." *Id.* at 2. Because "Stapleton pled guilty believing, correctly, that he was required to register in Virginia and . . . failed to do so," the government argues, "[h]is plea was knowing and voluntary" and should not be withdrawn. *Id.*[2]

---

[2] The government also contends that "Stapleton was required to attempt to register in Virginia regardless of whether Virginia state law required him to register." Gov't's Resp. Opp'n Mot. to Withdraw 2, ECF No. 37 (citing 18 U.S.C. § 2250). Stapleton disputes this contention. However, because I find that Stapleton was, in fact, required to register in Virginia and that he failed to do so, I need not address the question of whether an offender violates § 2250 where he does not attempt to register.

III. ANALYSIS.

As I note above, the court in *Moore* listed six factors for district courts to consider in determining whether a defendant has met his burden of showing a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). Of these six factors, the first, second, and fourth are to receive the most weight; the third, fifth, and sixth are secondary. *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995). I consider each factor in turn.

A. Factor One: Not Knowing or Voluntary.

The first factor is "whether the defendant has offered credible evidence that his plea was not knowing or not voluntary." *Moore*, 931 F.2d at 248. Stapleton asserts that his plea was "not 'knowing and voluntary' because at the time he was unaware that he was not required to register as a sex offender in Virginia." Def.'s Mot. to Withdraw 3, ECF No. 29. I disagree.

A properly-conducted Rule 11 colloquy can establish that a defendant's plea was knowing and voluntary. *See, e.g.*, *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003); *Sparks*, 67 F.3d at 1153. Because the Rule 11 colloquy is the "most important consideration in resolving a motion to withdraw a guilty plea . . . a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *Bowman*, 348 F.3d at 414. In this case, when Stapleton entered his guilty plea, this court conducted a full and

adequate Rule 11 colloquy in accordance with prevailing law.  Stapleton has not asserted that the colloquy was improperly conducted or in any way deficient.

Stapleton instead contends that his plea could not have been knowing and voluntary because he did not know that the law did not require him to register as a sex offender.  *See McCarthy v. United States*, 394 U.S. 459, 466 (1969) (holding that a guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts" of his case).  Alternatively, he appears to argue that his plea was not made knowingly because had he known there was some doubt or ambiguity regarding his obligations under the law, he might not have chosen to plead guilty.  However, as I explain below, see *infra* at III.B, the law does, in fact, require him to register as a sex offender.  There is no doubt or ambiguity as to its requirements.  Stapleton states that he believed, when he entered his guilty plea, that he was required to register as a sex offender.  This belief was and remains accurate, all erroneous indications to the contrary notwithstanding.  Because he entered a guilty plea following a properly-conducted Rule 11 colloquy, and because that guilty plea was not based on a misunderstanding of the governing law, I find that his plea was not made unknowingly or involuntarily.

B. Factor Two: Legal Innocence.

The second factor is "whether the defendant has credibly asserted his legal innocence." *Moore*, 931 F.2d at 248. Stapleton asserts that he is legally innocent of the offense to which he pleaded guilty because "[w]hether [he] was required to register as a sex offender in Virginia is a matter left to debate." Def.'s Reply Supp. Mot. to Withdraw 2, ECF No. 40. I disagree.

Stapleton was charged with failure to register as a sex offender, in violation of Title 18 U.S.C. § 2250(a). This offense has three elements: the defendant must have (1) been "required to register under the Sex Offender Registration and Notification Act" ("SORNA"); (2) traveled in interstate commerce; and (3) "knowingly fail[ed] to register" as required by SORNA. 18 U.S.C. § 2250(a). Thus, Stapleton would be legally innocent of the offense charged if he was not — as he claims — required to register as a sex offender.[3] However, the law as applied to the facts of Stapleton's case is clear: Stapleton is definitively required to register as a sex offender in Virginia.

SORNA requires a sex offender to register in the "jurisdiction where [he] resides." 42 U.S.C. § 16913(a). The law defines a "sex offender" as one who is

---

[3] Stapleton bases his assertion of innocence only on his claim that he was not required to register (element one). He does not assert his innocence based on a claim that he did not travel in interstate commerce (element two) or that his failure to register was not knowing (element three). I therefore address only the question of whether he was required to register as a sex offender.

"convicted of a sex offense." 42 U.S.C. § 16911(1). A "sex offense" is "a criminal offense that has an element involving a sexual act or sexual contact with another," "a criminal offense that is a specified offense against a minor," or "an attempt . . . to commit [such] an offense." *Id.* at § 16911(5)(A).

Stapleton was convicted of Attempted Child Molestation under Arizona law. The Arizona statute provides that "[a] person commits molestation of a child by intentionally or knowingly engaging in . . . sexual contact . . . with a child who is under fifteen years of age." Ariz. Rev. Stat. § 13-1410(A). An offense under this section is clearly a "sex offense" within the meaning of SORNA. It is therefore clear that Stapleton is a person who is required by SORNA to register in the jurisdiction where he resides.

SORNA also requires the States to criminalize a sex offender's failure to register, *see* 42 U.S.C. § 16913(e), and Virginia has done so. *See* Va. Code Ann. §§ 9.1-900 *et seq.* & 18.2-472.1. Virginia law provides that a "person under community supervision as defined by § 53.1-1 . . . on or after July 1, 1994, resulting from a conviction of an offense set forth in § 9.1-902 shall register" as a sex offender. Va. Code Ann. § 9.1-901(A).

Section 9.1-902 lists "[o]ffense[s] for which registration is required," including "[a]ny offense for which registration in a sex offender . . . registry is required under the laws of the jurisdiction where the offender was convicted." Va.

- 9 -

Code Ann. § 9.1-902(A)(6). As a result of his conviction for Attempted Child Molestation in Arizona, Stapleton was required to register as a sex offender in Arizona. *See* Ariz. Rev. Stat. § 13-3821(A) (requiring "[a] person who has been convicted of . . . a violation or attempted violation of any of the following offenses," including "[m]olestation of a child pursuant to § 13-1410," to register as a sex offender). His offense therefore qualifies as an "offense for which registration is required" under section 9.1-902.

A Virginia statute defines "community supervision" as "probation, parole, postrelease supervision," and other similar programs. Va. Code Ann. § 53.1-1. After serving a little over two years in prison, Stapleton was released on work furlough and subsequently paroled. He was paroled on December 26, 1991, and his sentence expired on August 8, 1997. Presentence Report 1, Gov't Ex. 3, Hr'g Feb. 28. 2017, ECF No. 35-3. Stapleton was therefore out on parole, and under "community supervision," on July 1, 1994.

Because Stapleton was under "community supervision" on July 1, 1994, as a result of his conviction for an "offense for which registration is required," he is required under Virginia law to register as a sex offender. Va. Code Ann. § 9.1-901. The law and facts are clear on this point. Any indication by the Virginia State Police to the contrary is of no moment; a law enforcement officer's understanding of the law does not change what the law actually is. As such, the

fact that the Virginia State Police mistakenly informed Stapleton after his guilty plea that he was not required to register as a sex offender in Virginia neither renders Stapleton's guilt a "legal impossibility" nor compels — or even supports — a finding that he is "legally innocent." Def.'s Reply Supp. Mot. to Withdraw 1-2, ECF No. 40. I therefore find that Stapleton has not credibly asserted his legal innocence.

### C. Factor Four: Close Assistance of Competent Counsel.

The fourth factor is "whether [the] defendant has had close assistance of competent counsel." *Moore*, 931 F.2d at 248. "A defendant can demonstrate the absence of close assistance of counsel . . . only by showing that [his] counsel's performance fell below an objective standard of reasonableness." *Sparks*, 67 F.3d at 1153 (internal quotation marks and citation omitted); *see also United States v. Faris*, 388 F.3d 452, 459 (4th Cir. 2004) (stating that "a defendant seeking to establish that he is entitled to withdraw his plea because he did not receive close assistance of counsel must demonstrate that counsel performed deficiently and that, but for counsel's errors, the defendant would not have pled guilty and would instead have insisted on proceeding to trial"). Stapleton does not assert that he has suffered from a lack of close assistance of counsel, and there is no evidence in the record to support such an assertion. I therefore find that this factor does not support a "fair and just reason" for withdrawing his guilty plea.

D. Factors Three, Five, and Six.

The third factor is "whether there has been a delay between the entering of the plea and the filing of the motion." *Moore*, 931 F.2d at 248. Neither party has raised this factor, and I do not find it necessary to consider it here. *See Sparks*, 67 F.3d at 1154 (concluding that a district court need not consider all six *Moore* factors and that the third, fifth, and sixth are secondary); *see also Faris*, 388 F.3d at 461 (agreeing that the district court was not required to consider this factor where the most important factors weighed against withdrawal). I therefore find that this factor neither supports nor weighs against Stapleton's motion to withdrawal.

The fifth factor is "whether withdrawal will cause prejudice to the government." *Moore*, 931 F.2d at 248. The government has not argued that it would be prejudiced by withdrawal of Stapleton's plea, and there is no evidence that it would experience such prejudice. To demonstrate prejudice, the government must "identify some costs specifically resulting from the entry and subsequent withdrawal of the plea." *Faris*, 388 F.3d at 459-60. It cannot rely on "the costs that would inevitably attend [a] trial." *Id.* at 459. Because the government has not shown that it would suffer prejudice, I find that this factor neither supports nor weighs against Stapleton's motion to withdraw. *See id.* at 460 (noting that where the government does not identify any prejudice, "the prejudice factor should be deemed neutral").

The sixth factor is "whether [withdrawal] will inconvenience the court and waste judicial resources." *Moore*, 931 F.2d at 248. Neither party has raised this factor. However, I do believe it would be a waste of resources to vacate Stapleton's plea and allow his case to proceed to trial. Stapleton has "already made credible admissions of guilt." *Faris*, 388 F.3d at 460. His assertions of innocence are based entirely on a mistaken understanding of the law, and the undisputed facts in the record clearly support a finding of guilt under the correct understanding of the law. In light of the record and the content of Stapleton's assertions of innocence, I do not believe Stapleton has a "legitimate interest in withdrawing his guilty plea to test the possibility of acquittal at trial." *Id.* I therefore find that this factor weighs against Stapleton's motion to withdraw.

E. Balancing the *Moore* Factors.

When determining whether a defendant has shown a "fair and just reason" for withdrawing his guilty plea, a district court is to consider a number of factors. "The factors that speak most straightforwardly to the question whether the [defendant] has a fair and just reason to upset settle systemic expectation by withdrawing [his] plea are the first, second and fourth." *Sparks*, 67 F.3d at 1154. By contrast, "the third, fifth, and sixth factors are better understood as countervailing considerations that establish how heavily the presumption should weigh in any given case." *Id.*

It is clear, in this case, that the *Moore* factors weigh against allowing Stapleton to withdraw his guilty plea. Four of the six factors — including the three most important — weigh against withdrawal; the remaining two secondary factors are neutral. I therefore find that the defendant has failed to carry his burden of showing a fair and just reason for withdrawing his guilty plea, and I deny his motion to that effect.

IV. Conclusion.

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Withdraw Guilty Plea (ECF No. 29) is DENIED. The clerk shall schedule a sentencing hearing.

        ENTER: May 4, 2017

        /s/ James P. Jones
        United States District Judge